UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
DONALD F. BLIZZARD, SR.,          )
          Plaintiff,              )
                                  )
          v.                      )   C.A. No. 05-40005-DPW
                                  )
DAVID L. WINN, WARDEN             )
          Defendant.              )
```

<u>MEMORANDUM AND ORDER</u>

For the reasons stated below, the Motion for Preliminary Injunctive Relief is denied.  Plaintiff is advised that if he wishes to proceed with this action, he must file a complaint accompanied by an application to proceed without prepayment of fees and affidavit.

<u>BACKGROUND</u>

On September 10, 2004, Donald F. Blizzard, Sr., an inmate confined to FMC Devens, submitted for filing his seventeen-page Motion for Preliminary Injunctive Relief [the "Motion"] concerning conditions of confinement at FMC Devens.

The Court's records indicate that the Motion was initially filed in <u>Rajkumar v. United States</u>, C.A. No. 04-40164-RCL.  By Order dated December 20, 2004, the Clerk was directed to randomly assign a new civil action number to Blizzard's Motion.  The Court's records indicate that on January 7, 2005, the Motion was assigned Civil Action number 05-40005-DPW.

Blizzard alleges that he is "confined to a wheelchair" as are "a volume of other similarly situated inmates (confined to

wheelchairs, walkers (with wheels), canes and crutches)."  Motion,
page 4, ¶¶ 1-2.  In addition to allegations concerning non-compliance
with the Americans With Disabilities Act, Blizzard complains of
additional inadequacies relating to noise, overcrowding, and limited
access to typewriters.  Motion, generally.  Blizzard also complains
that in February 2004, upon discovering that Blizzard provided legal
assistance to other inmates, a correctional officer in the Receiving
and Discharge Department threw "in the trash" many of Blizzard's
legal documents.  Motion, page 12.  For relief, Blizzard seeks "a
Preliminary Injunction to the Issues as discussed herein."

DISCUSSION

I.   <u>Blizzard Cannot Represent Other Parties or Any Class</u>

Although Blizzard has filed a Motion for Preliminary
Injunctive Relief identifying himself as petitioner, it is
unclear whether he intends to initiate a civil proceeding in
this federal court.  On page 4 of the Motion, Blizzard states
that he "is not a litigant in this matter, nor is he licensed
to practice law before the respective Courts, nor does he
evidence legal advice and opinions."  Motion, page 4.

As a general rule, a plaintiff who is not an attorney may only
represent himself, not any other party.  <u>See</u> <u>Feliciano v. DuBois</u>, 846
F. Supp. 1033, 1039 (D. Mass. 1994) ("an individual who is not an
attorney admitted to practice in this court cannot be allowed to

2

represent any other person, any class, or other legal entity."); L.R.
83.5.3(c) ("A person who is not a member of the bar of this court. .
. . will be allowed to appear and practice before the court only in
his own behalf.").  Moreover, to the extent Blizzard brings this
action on behalf of similarly situated inmates, courts generally have
recognized that non-attorney, pro se prisoner litigants cannot
"fairly and adequately" represent the interests of fellow inmates in
a class action.  Caputo v. Fauver, 800 F. Supp. 168, 170 (D. N.J.
1992) (citations omitted), aff'd 995 F.2d 216 (3rd Cir. 1993).

II.  Blizzard May File a Civil Complaint

     To the extent Blizzard intends to seek relief in this Court,
he must file a complaint in accordance with the Federal Rules
of Civil Procedure and must either (1) pay the $150.00 filing fee
or (2) file an application to proceed in forma pauperis with a
certified prison account statement.  See 28 U.S.C. § 1914 ($150.00
filing fee); § 1915 (proceedings in forma pauperis).

     Because Blizzard is incarcerated, he is advised that
pursuant to 28 U.S.C. § 1915(b)(1), prisoners are required to
pay the full amount of the filing fee.  A prisoner must also
provide a certified statement of the amount of funds in his
institutional account.  See 28 U.S.C. § 1915(a)(2).  If Blizzard
files an application to proceed without prepayment of fees,
the Court will direct the appropriate prison official to

3

withhold from his prison account and pay to the court an
initial payment towards the $150.00 filing fee.  The
appropriate prison official will also be directed to collect
from Blizzard's prison account on a continuing basis each
month until such time as the $150.00 statutory filing fee is
paid in full.

III. <u>Blizzard's Request for Injunctive Relief</u>

Blizzard brings his Motion for Preliminary Injunctive
Relief pursuant to 18 U.S.C. § 3626 (appropriate remedies with
respect to prison conditions).  Motion, page 1.  Section 3626,
passed as part of the Prison Litigation Reform Act, places
additional standards and limitations for awarding prospective
relief, and preliminary injunctive relief.  <u>See</u> 18 U.S.C. §
3626.

A party seeking a preliminary injunction bears the burden
of demonstrating (1) a likelihood of success on the merits;
(2) a potential for irreparable injury; (3) the balance of the
relevant equities favors him; and (4) the public interest
would not be adversely affected by an injunction.  <u>See
Narragansett Indian Tribe, et al. v. Guilbert</u>, 934 F.2d 4,5
(1st Cir. 1991).  This four-factor test has been extended to
temporary restraining orders.  <u>Latin American Music Co. v.
Cardenas Fernandez & Assoc., Inc.</u>, No. 00-1443, 2001 WL

196742, at *1 n. 2 (1st Cir. Feb. 23, 2001); see Butler v. Maine Sup. Jud. Ct., 758 F. Supp. 37, 38 (D. Me. 1991) (applying criteria).[1]  A party seeking an ex parte temporary restraining order must also allege that his injury or loss is "immediate and irreparable" and will occur before the adverse party or that party's attorney can be heard in opposition to the motion.  Fed. R. Civ. P. 65(b).

Here, Blizzard has not alleged any facts demonstrating that he will suffer immediate, irreparable harm requiring ex parte injunctive relief.  To the extent Blizzard complains that the conditions at Devens operate to deny him access to the courts, he has failed to allege that he has suffered any "actual injury" to a legal claim involving a direct or collateral attack to his sentence(s) or a challenge to conditions of confinement.  Lewis v. Casey, 518 U.S. 343, 349, 354-355 (1996).  Accordingly, Blizzard's request for injunctive relief must be denied for failing to demonstrate a likelihood of success.  See New Comm Wireless Servs., Inc. v. Sprintcom, Inc., 287 F.3d 1, 13 (1st Cir. 2002).

<u>CONCLUSION</u>

---

[1]The Court will not construe Blizzards's motion as a request for a preliminary injunction because preliminary injunctions may not be issued without notice to the adverse party, and notice of this action has not been served on defendant.  See Fed. R. Civ. P. 65(a)(1).

ACCORDINGLY, I find that plaintiff has failed to demonstrate both a likelihood of success and irreparable harm and his Motion for injunctive relief is DENIED.

If Blizzard wishes to proceed with this action, he is directed to file a complaint accompanied by either the $150.00 filing fee or a fee waiver application within forty-two (42) days from the date of this Memorandum and Order, or this action will be dismissed.

The Clerk is directed to send Blizzard (1) a copy of "Step by Step: A Simple Guide to Filing a Civil Action;" and (2) an Application to Proceed Without Prepayment of Fees.

SO ORDERED.

Dated at Boston, Massachusetts, this 13th day of January, 2005.

 /s/ Douglas P. Woodlock
UNITED STATES DISTRICT JUDGE

6